## STATE v. BUNDY.

Municipal Court, Findlay.

No. 51. Decided March 14, 1956.

**OPINION**

By BOPE, J.

Defendant was arrested January 13, 1956, by Ralph Haddox, Marshal of the Village of McComb and Constable of Pleasant Township, in Hancock County, Ohio, on a warrant issued by the Clerk of this Court pursuant to an affidavit of the same date signed by the said Constable charging defendant with reckless operation of a motor vehicle, a misdemeanor under the laws of this state and an offense of which this Court has final jurisdiction. He was brought before this Court on January 14th and the warrant was returned, whereupon the following proceedings were had: defendant was informed by the Court of the charge against him and of his right to have counsel, he elected to proceed without counsel and entered a plea of Not Guilty, and the Court proceeded forthwith to examine into the merits of the charge.

The following witnesses were sworn and examined on behalf of the State:

Ralph Haddox, Marshal and Constable as aforesaid; Franklin Curtis, Deputy Marshal of McComb;

and on behalf of the defendant:

Eugene Bundy, defendant as aforesaid.

Thereupon the Court on its own motion undertook to consider the arrest of judgment in this case for the reason that the facts stated in the affidavit do not constitute an offense, and the case was continued.

The affidavit charges that defendant, on January 11, 1956, in the County of Hancock,

"did operate a motor vehicle, Ford, Ohio Li No. 4023-V in a reckless manner in and upon the driveways and grounds of the McComb School so as to endanger the property of said School"

contrary to the form of the statute, citing §4511.20 R. C.

This statute reads as follows:

"Sec. 4511.20 R. C. Reckless operation of vehicles. No person shall operate a vehicle, trackless trolley, or streetcar without due regard for the safety and rights of pedestrians and drivers and occupants of all other vehicles, trackless trolleys, and streetcars, so as to endanger the life, limb, or property of any person while in the lawful use of the streets or highways."

The elements of this crime, each of which, to sustain a conviction, must be charged and proved beyond a reasonable doubt, are:

(1) Operating of vehicle, trackless trolley or streetcar

(2) Without due regard for the safety and rights of

(3) Pedestrians, and drivers and occupants of all other vehicles, trackless trolleys and streetcars so as to

(4) Endanger life, limb or property of any person while in lawful use of streets or highways

(5) Venue (in the territory of the court)

It appears from the testimony that on January 11, 1956, at about

10 o'clock P. M., the defendant, Eugene Bundy, who had been attending a meeting in the McComb School Building, left the building and entered his father's car which was parked at the southwest corner. Starting the motor he drove north, accelerating rapidly, and at the northwest corner, as the driver attempted a right turn, the car skidded on the icy driveway and turned almost completely around. The sensation appears to have given the defendant pleasure, for he returned to the starting point and repeated the maneuver, under the observation of the constable and deputy marshal, who were watching from the northwest corner of the building. Defendant then started to leave the school grounds, when he was stopped and given a warning by the constable, and two days later he was arrested, as recited above.

The Court has no difficulty in determining as a matter of fact that the defendant did not operate the motor vehicle which he was driving at the time and place mentioned above, in the same manner as would a reasonably prudent person under similar circumstances. The Court considers that he did not exercise ordinary care, or show due regard for the safety and rights of any pedestrians, or drivers or occupants of other vehicles who might have been at that place at the same time. The Court further considers that his conduct would tend to endanger the life or limb, or property, of any person who, or which, might have been there.

But this is not a civil case, involving liability in damages for negligence. This is a criminal prosecution, brought in the name of the State, charging the defendant with the commission of a criminal act, and it is the duty of the Court to determine whether any crime has been committed by this defendant.

Now a "crime" may be defined as a violation of, or neglect to perform, a legal duty of such importance to the protection of society that the State takes notice thereof and imposes a penalty or punishment for such violation or neglect. And in Ohio it is well settled that no act is a crime unless it has been specifically defined by the Lgislature and a penalty provided by them for the violation thereof. It is further settled that the rule to be applied in interpreting and construing a criminal statute is the rule of strict construction.

It will be noted that one of the elements required to constitute an offense under §4511.20 R. C., is that the act complained of must "endanger life, limb or property of any person while in lawful use of the streets or highways." The complaint herein charges, and the evidence shows, that the defendant's act was committed in and upon the driveways and grounds of the McComb School. The Court has difficulty in thinking of such driveways as "streets or highways." Are they streets or highways?

In seeking the solution of this question, the Court finds that the Legislature has itself given a definition of "street or highway" in §4511.01 R. C., as follows:

"Street or highway" means the entire width between the boundary lines of every way open to the use of the public as a thoroughfare for purposes of vehicular travel."

The key word here appears to be "thoroughfare," the only Ohio

definition of which that we have found appears in the case of Joseph v. Larkworthy, 15 N. P. (N. S.) 561, at page 570, thus:

"By a main thoroughfare, where it is not indicated or defined by direction, is meant a thoroughfare having greater length and a larger volume of traffic than intersecting streets or highways. The volume of traffic on a street is necessarily affected by its length."

This is of no help to us. No other case or reported decision has been found bearing on the question here before us. There is, however, a well-considered, reported, formal opinion of Herbert S. Duffy, Attorney General of Ohio, dated October 6, 1949, appearing in 1949 Opinions of the Attorney General at Page 700, No. 1073, the syllabus of which reads as follows:

"1. 'Streets or highways,' as used in §6307-20 GC, do not include private roads and streets.

"2. A statute defining a crime or offense cannot be extended, by construction, to persons or things not within its descriptive terms."

In this opinion the Attorney General advised the Prosecuting Attorney of Geauga County that a person could not be charged under §6307-20 GC (the language of which was the same as that of present §4511.20 R. C.), for reckless driving on a street or road that is not a public highway.

While the Attorney General's Opinion is not controlling on this Court under the rule of stare decisis, it is, nevertheless, as the considered opinion of the State's chief legal officer, of persuasive weight, and in the absence of other authority this Court is constrained to follow it.

There remains to be determined whether the driveways around the McComb School are, in the proper sense, public highways. The usual test is a dedication by the owners, or those holding title, to the use of the public at large, for the purpose of travel or the transportation of persons or property, without distinction, discrimination or restriction, except such as is incident to such reasonable regulations as may be promulgated by public authority in the interest of the general public, accompanied by maintenance by the public street or highway departments. There is no evidence of such dedication or maintenance here before the Court.

In the case of **State v. Root, 132 Oh St 229,** the Supreme Court held:

"Where a driveway, leading into and located wholly upon state hospital grounds, is built, maintained and controlled by such hospital for its own use and the public having business therewith, and where such driveway was never dedicated or legally accepted as a public thoroughfare, it does not come within the purview of 'roads or highways' . . . ."

Finding, therefore, as a matter of law, that the facts stated in the affidavit in this case and proved by the evidence produced at the trial do not constitute an offense under §4511.20 R. C., the Court will arrest judgment herein and discharge the defendant.